UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE LUCAS,<br><br>             Plaintiff,<br><br>     v.<br><br>D. TARTAGLIA, et al.,<br><br>             Defendants.<br>_____ / | CASE NO.   1:12-cv-01830-MJS (PC)<br><br>ORDER CONSOLIDATING CIVIL CASE NO. 1:12-cv-01830-MJS WITH RELATED AND PREVIOUSLY FILED CIVIL CASE NO. 1:12-cv-01804-GBC<br><br>(ECF No. 1) |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

On November 8, 2012, Plaintiff Dwayne Lucas, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff's Complaint is now before the Court for screening.

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III.    SUMMARY OF COMPLAINT

The Complaint names the following Kern Valley State Prison (KVSP) officials as Defendants: (1) D. Tartaglia, Librarian; (2) N. Olsen, Senior Librarian; and (3) Thompson, Library Officer.

Plaintiff alleges the following:

On April 1, 2012, Plaintiff received notification of a pending April 19, 2012, deadline in a legal matter he was pursuing.  Plaintiff filed numerous library access requests and was granted Priority Library User status on April 11, 2012, but was only called to the library twice prior to the week of the deadline.  The library access was inadequate and resulted in an unfavorable decision in his legal proceeding.  The Defendants failed to ensure that Plaintiff received sufficient access to library resources.  (Compl. at 3, 4.)

IV.     **ANALYSIS**

   A.   **Section 1983**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

   B.   **Consolidation**

On November 5, 2012, Plaintiff initiated a civil rights action, Lucas v. Tartaglia, No. 1:12-cv-01804-GBC, claiming violations similar, if not identical, to those raised in the instant complaint. Both complaints identify Librarian D. Tartaglia, Senior Librarian N. Olsen, and Library Officer Thompson as Defendants. Plaintiff alleges in both actions that these Defendants failed to ensure that Plaintiff received adequate library access prior to

an April 19, 2012 court deadline.  The crux of Plaintiff's claims in both cases is a denial of library access in the month of April 2012.  The difference between the complaints is minimal (Plaintiff adds exhibits to the second complaint and requests more damages).  Plaintiff may have intended the latter complaint to serve as an amended pleading.

Federal Rule of Civil Procedure 42(a) permits the Court to consolidate actions involving a common question of law or fact, and consolidation is proper when it serves the purposes of judicial economy and convenience.  "The district court has broad discretion under this rule to consolidate cases pending in the same district." <u>Investors Research Co. v. United States District Court for the Central District of California</u>, 877 F.2d 777 (9th Cir. 1989).  In determining whether to consolidate actions, the Court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation.  <u>Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc.</u>, 720 F. Supp. 805, 807 (N.D. Cal. 1989).  Plaintiff's claims in the above-captioned action are similar, if not identical, to the allegations advanced in the former complaint.  Plaintiff asserts identical causes of action in each case and requests similar relief.  The Court foresees little risk in causing delay, confusion, or prejudice.   Plaintiff is far more likely to be afforded timely relief through consolidation.  The two actions involve common questions of law and fact and therefore warrant consolidation.  <u>Pierce v. County of Orange</u>, 526 F.3d 1190, 1203 (9th Cir. 2008).

## V.    **CONCLUSION AND ORDER**

For the reasons stated above, the Court hereby orders that this case be **CONSOLIDATED** with case <u>Lucas v. Tartaglia</u>, No. 1:12-cv-01804-GBC.  The Clerk of

Court is to file a copy of this Order in **both** the above-captioned docket and the docket in Lucas v. Tartaglia, No. 1:12-cv-01804-GBC in order to notify all parties of the consolidation. The Clerk shall administratively close this case. All future filings shall be in action number 1:12-cv-01804-GBC.

IT IS SO ORDERED.

Dated:     November 29, 2012              /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE