# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE LUCAS,<br><br>              Plaintiff,<br><br>       v.<br><br>D. TARTAGLIA, et al.,<br><br>              Defendants. | Case No. 1:12-cv-01804-SAB (PC)<br><br>ORDER DENYING PRELIMINARY INJUCNTION<br><br>(ECF No. 8.) |

    Plaintiff Dwayne Lucas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on November 5, 2012. (ECF No. 1.) Plaintiff filed a motion for a preliminary injunction on December 17, 2012. (ECF No. 8.) In the previously issued order, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. (ECF No. 12.)

    "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

1

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998). Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

In light of Plaintiff's complaint being dismissed with leave to amend, there is no actual case or controversy before the Court at this time. Therefore, the Court lacks the jurisdiction to issue the orders sought by Plaintiff. Summers v. Earth Island Inst., 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1119 (9th Cir. 2009).

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for a preliminary injunction be DENIED.

IT IS SO ORDERED.

Dated:   **May 14, 2013**

UNITED STATES MAGISTRATE JUDGE