UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE LUCAS,<br><br>           Plaintiff,<br><br>    v.<br><br>D. TARTAGLIA, et al.,<br><br>           Defendants. | Case No.: 1:12-cv-01804-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITHOUT LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>[ECF No. 14] |

Plaintiff Dwayne Lucas is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on December 4, 2012.  (ECF No. 7.)

Plaintiff filed the instant action on November 5, 2012.  On May 14, 2013, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a cognizable claim.

Now pending before the Court is Plaintiff's first amended complaint, filed May 28, 2013.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## PLAINTIFF'S COMPLAINT

On March 28, 2012, the United States Court of Appeals for the Ninth Circuit granted Plaintiff an extension of time to file a petition for rehearing en banc, which was due on April 19, 2012. After submitting numerous requests to D. Tartaglia, Kern Valley State Prison law librarian, Plaintiff was finally granted library access on April 11, 2012. Plaintiff was advised by Tartaglia that he would have access to the library the following week and at least twice a week up to the deadline date. However, Plaintiff was not allowed access to the library again prior to his April 19, 2012, deadline.

On April 17, 2012, Thompson, who the library escort officer, refused to acknowledge Plaintiff's priority library user (PLU) status, and ignored his request to utilize the library to do research and make copies of his brief to the filed in the Ninth Circuit.

Due to Defendant Tartaglia and Thompson's disregard for Plaintiff's PLU status and denial of library access, Plaintiff's case at the Ninth Circuit was dismissed for lack of extensive research and failure to demonstrate good cause.

## III.
## DISCUSSION

### A.   Access to the Courts

Prisoners have a constitutional right of access to the courts.  See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977).  To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived.  See Lewis, 518 U.S. at 349.  An "actual injury" is "'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'"  Id. at 348.  "[T]he injury requirement is not satisfied by just any type of frustrated legal claim."  Lewis, 518 U.S. at 354.  Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims."  Id. at 355.  Rather, the type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights.  Id. at 354 (quotations and citations omitted).  "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  Id. at 355 (emphasis in original).  Thus, the right of access to the courts does not require the State to enable prisoners to discover grievances and litigate effectively once in court.  Id. at 354.

///
///
///
///

Specifically, in a "backward-looking" access to the courts action,[1] a plaintiff must describe (1) a nonfrivolous underlying claim that was allegedly compromised "to show that the 'arguable' nature of the claim is more than hope"; (2) the official acts that frustrated the litigation of that underlying claim; and (3) a "remedy available under the access claim and presently unique to it" that could not be awarded by bringing a separate action on an existing claim. Christopher v. Harbury, 536 U.S. at 416.

Plaintiff argues his petition for rehearing in case number 10-17494 was denied by the Ninth Circuit because of his lack of access to the law library. Plaintiff's claim is unfounded. The Court takes judicial notice of the docket case number 10-17494.[2] Plaintiff appealed from this Court's judgment dismissing his 42 U.S.C. § 1983 action in case number 1:08-cv-00521-WHA, for failure to exhaust the administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). On March 6, 2012, the judgment was affirmed in full. (Doc. 24.) On March 26, 2012, Plaintiff filed a motion to extend time to file a petition for rehearing. (Doc. 25.) The Court granted Plaintiff's request in part on March 28, 2012. (Doc. 26.) Plaintiff filed a petition for rehearing en banc on April 26, 2012, which was served on April 18, 2012. (Doc. 27.) The petition for rehearing was denied on August 13, 2012.

As with his initial complaint, Plaintiff's allegations do not demonstrate that Defendants' actions or omissions resulted in the loss of a nonfrivolous or arguable underlying claim. Plaintiff successfully appealed the judgment in a civil rights action, and the Ninth Circuit affirmed the judgment. Plaintiff sought and was granted permission to file a petition for rehearing, which the Ninth Circuit considered and summarily denied. Based on Plaintiff's litigation history, Plaintiff fails to identify and the Court cannot surmise "a remedy that may be awarded as recompense but not

---

[1] The Supreme Court distinguishes between "forward-looking" access to the courts claims, in which the plaintiff alleges that official action is frustrating plaintiff's ability to prepare and file a suit at the present time, and "backward-looking" claims, in which plaintiff alleges that due to official action, a specific case cannot now be tried, or be tried with all material evidence. In a backward-looking claim, plaintiff must allege facts showing that the official action resulted in the "loss of an opportunity to sue" or the "loss or inadequate settlement of a meritorious case." Christopher v. Harbury, 536 U.S. 403, 413-414 (2002).

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case. See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 741, 744 n.1 (9th Cir. 1984) (citing examples of judicially noticed public records).

4

otherwise available in some suit that may yet be brought."[3]  Harbury, 536 U.S. at 415.  Thus, there is "no point in spending time and money to establish the facts constituting denial of access, when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element."  Id.  As Plaintiff's appeal from the dismissal of his civil rights action clearly survived the pleading stage and Plaintiff actively pursued his claims, his access to the courts claim is not colorable and leave to amend should be DENIED.[4]

## IV.
## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that the instant action is dismissed, without leave to amend, for failure to state a cognizable claim.  This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   **December 16, 2013**

UNITED STATES MAGISTRATE JUDGE

---

[3] "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely."  Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  Plaintiff was previously given leave to amend and has failed to cure the deficiencies.